UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GNLV, CORP., a Nevada corporation,  )<br>                                                             )<br>                         Plaintiff,           )<br>    vs.                                                    )<br>                                                             )<br>SOUTHEAST AMUSEMENT, INC., a foreign )<br>entity; BAR OF GOLD, a foreign entity; and   )<br>MIKOL WILSON, an individual,               )<br>                                                             )<br>                         Defendants.        )<br>                                                             ) | Case No.: 2:14-cv-00048-GMN-PAL<br><br>**ORDER** |

Pending before the Court is the Motion for Temporary Restraining Order (ECF No. 2) filed by Plaintiff GNLV, Corp. ("Plaintiff").  Having reviewed Plaintiff's Motion and the Exhibits attached thereto, the Court finds that Plaintiff has failed to establish that it is entitled to the requested relief.

Rule 65(b) authorizes a court to issue a temporary restraining order without notice. However, a court may grant a motion for temporary restraining order only if that motion includes "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Here, although Plaintiff discusses each of the prongs of the *Winter* test, Plaintiff has failed to provide any basis from which the Court can conclude that the requested relief should be granted without notice to Defendants.  In fact, any discussion of the requirements of Rule

65(b) is wholly absent from Plaintiff's motion.[1]  Therefore, the Court cannot issue the requested temporary restraining order. *See* Fed. R. Civ. P. 65(b).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff shall serve its pending Motion for Preliminary Injunction (ECF No. 3) on all Defendants and file certification of said service on the docket by **January 22, 2014**.  Defendants shall file a Response in opposition to Plaintiff's Motion for Preliminary Injunction, if any, by **February 5, 2014**.

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's pending motion for Preliminary Injunction is set for **Tuesday, February 11, 2014,** at **2:00 PM.**

**DATED** this 13 day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] Furthermore, Plaintiff expressly states that it has been aware of the alleged infringement since December 7, 2013, yet failed to request this temporary restraining order until more than a month later on January 10, 2014. (Mot. for TRO 4:5-7, ECF No. 2.)  Such delay further undermines any potential necessity to issue the requested injunction without notice to Defendants.