MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
tratosm@gtlaw.com
LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiff, GNLV, Corp.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GNLV, CORP., a Nevada corporation, | Case No.: 14-cv-00048-GMN-PAL |
| Plaintiff, | |
| v. | **PRELIMINARY INJUNCTION ORDER** |
| SOUTHEAST AMUSEMENT, INC., a foreign entity; BAR OF GOLD, a foreign entity; MIKOL WILSON, an individual, | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Preliminary Injunction ("Motion"). Plaintiff alleges five causes of action, injunctive relief and damages. The causes of action are: (1) Trademark Infringement and Counterfeiting under 15 U.S.C. § 1114; (2) Unfair Competition under 15 U.S.C. § 125(a); (3) Common Law Trademark Infringement; (4) Deceptive Trade Practices under N.R.S. 598.0903, et seq.; and (5) Intentional Interference with Prospective Economic Advantage.

A hearing on the Motion for Preliminary Injunction was scheduled for February 11, 2014 at 2:00 p.m. The Defendants were given notice of the hearing by personal service of the notice of hearing of the Motion. Defendants were also personally served with the Summons and Complaint,

and the Application for Preliminary Injunction and supporting declaration.  Defendants have failed to respond to the Motion or appear at the hearing.

UPON CONSIDERATION of the Motion filed by Plaintiff GNLV, Corp. ("Plaintiff" or "GNLV"), requesting a preliminary injunction requiring Defendants Southeast Amusement, Inc., Bar of Gold, and Mikol Wilson (collectively "Defendants") to immediately cease and desist all use of Plaintiff's GOLDEN NUGGET trademark and design logo, or any similar variations, the supporting memorandum of points and authorities, the supporting Declaration of Steven Scheinthal, the record in this case, and for other good cause shown:

THE COURT HEREBY FINDS THAT:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.A.C. § 1367(a);

2. The Court has personal jurisdiction over the Defendants in that they committed tortious acts that they knew or should have known would cause injury to Plaintiff in the State of Nevada;

3. GNLV has made extensive use of the mark GOLDEN NUGGET on, among other things, signage, wearing apparel, and sales and promotional materials, and has obtained federal registrations for the mark GOLDEN NUGGET for various goods and services, including but not limited to:

(a) GOLDEN NUGGET for restaurant services (U.S. Reg. No. 1,082,089);

(b) GOLDEN NUGGET design mark for restaurant services (U.S. Reg. No. 1,199,956); and

(c) GOLDEN NUGGET design mark for casino services (U.S. Reg. No. 1,544,155); and

(d) GOLDEN NUGET for casino services (U.S. Reg. No. 1,203,988).

4. Based on its federal trademark registrations and extensive use, GNLV owns the exclusive right to use the GOLDEN NUGGET Marks in connection with resort hotel, casino and related services.  The extensive advertising and promotion of the "Golden Nugget" resort hotel casinos have resulted in the GOLDEN NUGGET name and marks being distinctive for resort hotel casino services;

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420174434v1

5.     Defendants have and are using GNLV's GOLDEN NUGGET mark and its exact design logo on its signage to advertise its illegal gambling hall in Alvin, Texas;

6.     A preliminary injunction may be issued if plaintiff's establish: (1) the plaintiff will probably prevail on the merits; (2) plaintiff will likely suffer irreparable injury if relief is denied; (3) the balance of equities tips in plaintiff's favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Defense Council, Inc.,* 555 U.S. 7, 20 (2008); *see also Herb Reed Enterprises , LLC v. Florida Entertainment Management, Inc.* 736 F.3d 1239, 1250 (9th Cir. 2013). Alternatively, an injunction may issue under the "sliding scale" approach if there are serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor, so long as plaintiff still shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011)

7.     "An injunction is a matter of equitable discretion and is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Earth Island Inst. V. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation marks omitted).

7.     GNLV will suffer irreparable injury if the Court does not require Defendants to cease and desist its use of GNLV's marks;

8.     GNLV has demonstrated likelihood of success on the merits of its mark infringement claims against Defendants under the Lanham Act, 15 U.S.C. § 1114, and Nevada law;

9.     GNLV has demonstrated likelihood of success on the merits of its unfair competition claims against Defendants under the Lanham act, 15 U.S.C. § 1125(a);

10.    There is no likelihood of harm to the public from the preliminary injunction order now being granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that: GNLV's Application for Preliminary Injunction is hereby GRANTED;

IT IS FURTHER ORDERED that Defendants will immediately cease and desist any and all use of GNLV's name, trademarks, and logos and any and all variants thereof.

IT IS FURTHER ORDERED that Defendants shall file, pursuant to 15 U.S.C. § 1116(a), with this Court and serve upon GNLV within ten (10) days after entry of this Order, a report in

LV 420174434v1

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1 writing under oath setting forth in detail the manner and form in which Defendants have complied
2 with this Court's Order; and

3     IT IS FURTHER ORDERED that the bond posted with this Court in the amount of one
4 hundred dollars ($100.00) shall be applied to this preliminary injunction.

5     The Court permits service of the preliminary injunction by electronic mail in addition to
6 effectuating service as required by F.R.C.P. 4 & 5.

7     **DATED** this 14th day of February, 2014.

                                                                               Gloria M. Navarro, Chief Judge
                                                                               United States District Court

13 Respectfully submitted by:

15 GREENBERG TRAURIG, LLP

16 /s/ Laraine M.I. Burrell
17 Mark G. Tratos (Bar No. 1086)
    Lauri S. Thompson (Bar No. 6846)
18 Laraine M.I. Burrell (Bar No. 8771)
    3773 Howard Hughes Parkway, Suite 4North
19 Las Vegas, Nevada 89169
    *Counsel for Plaintiff*

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002